## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TCI OF ALABAMA, LLC ) <br> ) <br> Defendant. ) | CIVIL ACTION NO. <br><br> JURY TRIAL DEMAND |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices and provide appropriate relief to Stanley Head ("Head") who was and is adversely affected by such practices. As described below, Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC"), alleges that Defendant, TCI of Alabama, LLC ("Defendant") violated Title VII when Defendant subjected Head to an adverse employment action by terminating him in retaliation for engaging in activities protected by Title VII including participating in Defendant's investigation of an EEOC charge of discrimination and opposing conduct that he reasonably believed was unlawful under Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5(f)(1)("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the Middle Division of the United States District Court for the Northern District of Alabama.

## PARTIES

3. The EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a foreign limited liability company doing business in Alabama and has continuously had over 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Head filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On June 26, 2023, the EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join the

Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. In its efforts to conciliate, the Commission engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. On July 26, 2023, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. From at least October 2022 through December 16, 2022, Defendant has engaged in unlawful employment practices at its Pell City, Alabama, location in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

12. From approximately 2007 through the present, George Jackson ("Jackson") has been the President and part owner of Defendant. Jackson is heavily involved in the operations of Defendant and sets or approves the policies and directs the business practices of Defendant.

13. Head was employed by Defendant from approximately 1994 until December 16, 2022. From approximately February 2012 until December 2022, Head was Manager of Regulated Production and Maintenance. Head worked under the direction of Jackson and his duties included filling laborer positions in the production and maintenance areas of the facility.

14. On or about March 21, 2022, Head submitted written notice to Defendant that he planned to retire on March 31, 2023, so that Defendant could train his successor.

15. On or about August 22, 2022, a female job applicant filed a charge of discrimination with the EEOC alleging that Defendant had refused to hire her because of her sex.

16. Defendant was notified of that EEOC charge and, as part of Defendant's investigation into this charge, Defendant's outside counsel interviewed Head on two occasions in or around September and October 2022.

17. In Head's first interview, he told Defendant's counsel that Defendant had a practice of not hiring females for laborer positions. Head requested that Jackson be part of the interview before he would discuss more about this practice.

18. Jackson participated in Head's second interview with Defendant's counsel in which Head stated that since at least 2007 Defendant, at Jackson's direction or approval, had a policy and practice to not hire female laborers. Head further stated that at Jackson's direction he had instructed temporary employment agencies who referred applicants to Defendant that Defendant would not hire female laborers. Head also stated that Defendant's worksite had originally included restrooms and locker rooms for female laborers which Jackson had converted to male-only facilities in the early 2000's.

19. Thereafter, Jackson repeatedly pressured Head to change his statements about Defendant's policy and practice of not hiring female laborers, which Head refused to do, including on the following occasions:

(a) During Head's second interview with Jackson and Defendant's counsel in or around October 2022, Jackson told Head that his statements about a practice of not hiring female laborers was going to cost him "a lot of money."

(b) In or around November 2022, Jackson told Head that he would have to change his "story," referring to his statements in Defendant's EEOC investigation, or it would cost him "a lot of money."

(c) On or around December 12, 2022, Jackson told Head he had to change his story because the EEOC investigation was going to "kill" him.

20. Each time Jackson pressured Head to retract his statements about Defendant having a policy of not hiring female laborers, Head responded to Jackson by stating he was telling the truth and would not lie.

21. On or around December 12, 2022, Jackson met with Head and told Head that the EEOC investigation was going to "kill" him. Head responded to Jackson by stating that he did not know what he could do because he was telling the truth. Jackson immediately replied, "I know what I can do, your last day is going to be Friday."

22. Defendant terminated Head, effective December 16, 2022, before Head's planned retirement date of March 30, 2023.

23. Defendant terminated Head because Head participated in Defendant's internal investigation into an EEOC charge of discrimination, opposed Defendant's unlawful policy and practice, and refused to lie about Defendant's discriminatory practice of not hiring female laborers.

24. As a result of Head's termination, Head lost his salaried income, benefits, and a substantial annual bonus.

25. Defendant unlawfully retaliated against Head for opposing conduct Head reasonably believed was unlawful by terminating his employment.

26. Defendant unlawfully retaliated against Head for assisting or participating in Defendant's investigation into the EEOC charge of discrimination described above by terminating his employment.

27. The unlawful employment practices complained of in paragraphs eleven (11) through twenty-six (26) above were intentional.

28. The unlawful employment practices complained of in paragraphs eleven (11) through twenty-six (26) above were done with malice or with reckless indifference to Head's federally protected rights.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation against employees who engage in activities protected by Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs which protect its employees from unlawful retaliation under Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Head whole, by providing, as appropriate, back pay, with pre-judgment interest, reinstatement or in the alternative front pay, and compensation for past and future pecuniary and nonpecuniary losses resulting from the unlawful practices complained of in paragraphs eleven (11) through twenty-eight (28) above,

including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

D. Order Defendant to pay to Head punitive damages for its malicious and reckless conduct described in paragraphs eleven (11) through twenty-eight (28) above, in amounts to be determined at trial.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

RESPECTFULLY SUBMITTED,

Gwendolyn Young Reams
Acting General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION  131 M. Street E
Washington, DC 20507

Marsha Rucker (PA Bar No. 90041)
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street, South
Birmingham, Alabama 35205
Telephone: (205) 651-7045
marsha.rucker@eeoc.gov