FILED
2024 May-16  PM 03:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
    Plaintiff,

**v.**

                              **Case No. 4:23-cv-1200-CLM**

**TCI OF ALABAMA, LLC,**
    Defendant.

## CONSENT DECREE

The court **GRANTS** the parties' joint motion for entry of a consent decree (doc. 22) and enters the following consent decree.

The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") filed the above-captioned lawsuit on September 12, 2023 pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and Title I of the Civil Rights Act of 1991. In its Complaint, the Commission alleged that TCI of Alabama, LLC ("Defendant") violated Title VII by terminating Charging Party Stanley Head in retaliation for engaging in activities protected by Title VII. The Commission alleged that Defendant's conduct violated Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

Defendant has denied that it engaged in unlawful retaliation or discrimination. Nothing in this Agreement should be construed as an admission on the part of Defendant that it has engaged in unlawful retaliation or discrimination. In the interest of resolving this matter and avoiding the expense of further litigation, the Commission, and the Defendant (the "Parties") have agreed that this action shall be finally resolved by entry of this Consent Decree.

The Parties do not object to the jurisdiction of the Court over this action. Each party hereby waives its right to a hearing and to the entry of findings of fact and conclusions of law. Venue is appropriate in the United

States District Court for the Northern District of Alabama, Middle Division. The Parties agree that the Court shall retain jurisdiction over this case in order to enforce the terms of the Consent Decree.

The Parties agree that this Consent Decree is fair, reasonable, and does not violate the law or public policy. The rights of Charging Party and the Commission are protected adequately by this Consent Decree.

It is hereby **ORDERED, ADJUDGED AND DECREED**:

## I.   <u>GENERAL PROVISIONS</u>

1.   This Consent Decree is entered into by the Commission and Defendant.

2.   This Consent Decree shall be final and binding between the Commission and Defendant.

3.   This Consent Decree shall resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 4:23-cv-01200-CLM.

4.   This Consent Decree shall be filed in the United States District Court for the Northern District of Alabama, Middle Division, and shall be in effect, and continue to be in effect, for a period of three (3) years from the date of entry of this Consent Decree by the Court.

5.   Any modification of this Consent Decree by any party shall be made by motion to the Court.

6.   The Court shall retain jurisdiction over this case in order to enforce the terms of the Consent Decree.

7.   Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the obligations of Defendant under Title VII.

8.   Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the EEOC's

authority to process or litigate any current or future charge of discrimination filed with the EEOC or against Defendant.

## II.   <u>NON-DISCRIMINATION AND NON-RETALIATION</u>

9.      Defendant shall not subject any applicant or employee to retaliation because an applicant or employee has opposed or participated in activity protected by the anti-retaliation provisions of Title VII.

10.      Defendant and its officers, agents, employees, successors, and assigns, and all of those in active concert or participation with them, or any of them, are permanently enjoined for the duration of this Consent Decree from discriminating or retaliating against an applicant or employee in violation of Title VII. The prohibited practices include, but are not limited to, retaliating against any applicant or employee for engaging in any activity protected by Title VII.

## III.   <u>RELIEF TO CHARGING PARTY</u>

11.      Defendant agrees that Charging Party will not be penalized in future considerations for employment, promotions, and other terms and conditions of employment because of these proceedings, and that no other potential employers of Charging Party will be advised in any way of the facts or circumstances of these proceedings.

12.      Defendant shall pay Charging Party Stanley Head the gross, aggregate sum of ninety thousand dollars ($90,000). Forty-five thousand ($45,000) of the settlement amount shall be attributed to alleged backpay damages, including lost benefits. Backpay will be subject to applicable taxes and other withholdings required by law, which Defendant will deduct. Forty-five thousand dollars ($45,000) of the settlement amount shall be attributed to alleged emotional distress, mental anguish and punitive damages. Compensatory and punitive damages shall not be subject to tax or other withholdings.

13.       The ninety thousand dollars ($90,000) total paid by Defendant shall represent full settlement of the claims brought by the Commission against Defendant which were the basis of the EEOC Charge filed by Stanley Head (EEOC Charge No. 420-2023-00978) and this lawsuit.

14.       Within 30 days of entry of this Decree, Defendant shall send payments to Charging Party via certified mail to his address to be provided by the EEOC. Concurrently, Defendant shall email a copy of the checks to the attention of Plaintiff's Regional Attorney, Marsha Rucker at marsha.rucker@eeoc.gov. Defendant will promptly notify the Commission in the event any mailing to Charging Party is returned to Defendant as un-deliverable, or if the check is not cashed within 30 days after it was mailed.

15.       Defendant shall calculate the deductions required by law to be taken including, but not limited to, payroll taxes to be taken from the portion of the monetary relief designated as back pay. Defendant shall report to the IRS all monetary payments to the Charging Party under this Decree on IRS Form W-2 (for all taxable employment compensation, i.e., back pay) and/or IRS Form 1099 (for all other damages).

16.       Defendant shall timely provide the appropriate W-2 and/or 1099 forms to Charging Party at the conclusion of the tax year in which Defendant paid the above-described monies by sending those forms to the address for Charging Party provided by the EEOC, with copies to Regional Attorney Marsha Rucker via electronic mail at marsha.rucker@eeoc.gov. Charging Party shall be solely responsible for tax consequences for these monetary payments.

## IV.  **ADDITIONAL RELIEF**

17.     Defendant shall segregate into confidential files, and not disclose to any employee or non-government third party (unless such documentation is the subject of a court order), any and all documents, information, references, and all facts or matters underlying or related to Charging Party's participation in this action.

## V.  **POLICIES AND PROCEDURES**

18.     Within 30 days of the entry of this Consent Decree, Defendant's President shall issue a written statement to all employees confirming Defendant's commitment to a workplace free of discriminatory practices including, but not limited to, retaliation against employees or applicants who oppose what they reasonably and in good faith believe to be unlawful employment practices or who testify, assist, or participate in any manner in an investigation, proceeding, or hearing in the Equal Employment Opportunity process. This statement shall also advise employees how to report employment discrimination or retaliation and encourage employees to report discriminatory conduct without fear of retaliation.

19.     Within 60 days of this Consent Decree, Defendant shall develop, or amend if already in existence, and shall disseminate to all employees, an anti-discrimination and anti-retaliation policy covering the laws enforced by EEOC, including Title VII. The policy shall specifically reference that Defendant does not discriminate on the basis of sex in hiring.

20.     Defendant shall implement and disseminate the policy to each of Defendant's employees, supervisors, and managers, within 10 days of its implementation. During the term of this Decree, the policy will be provided to each employee within five days of the time of hire. In addition, during the term of this Decree, the policy will be posted on Defendant's website and provided to each recruiter or staffing agency Defendant engages to recruit

applicants. The Defendant's anti-discrimination and anti-retaliation policy shall cover, at a minimum, the following;

a. A requirement that Defendant's managers, supervisors, and human resources employees be trained on the requirements of Title VII, including its anti-retaliation provisions;

b. The policy will include at least three examples of what constitutes a protected activity under Title VII, one of which shall be the discharge of an employee for having participated in the Equal Employment Opportunity process and one shall be discharge of an employee who opposed any practice made an unlawful employment practice under Title VII.

c. A requirement that Defendant provide notice to employees and job applicants (via Defendant's policies and procedures, a poster displayed in a public area of each of Defendant's facilities, and on Defendant's intranet and electronic bulletin boards) of their right to report discrimination without fear of retaliation;

d. The policy shall also include an explanation of the steps the Defendant will take to ensure that no applicant is subjected to discrimination or retaliation.

e. The policy shall include a provision for disciplinary action, up to and including termination, that shall be imposed on officers, supervisors, managers, and human resources employees who retaliate against job applicants or employees who engage in protected activity under Title VII's anti-retaliation provision;

f. A process for employees to report complaints of discrimination and retaliation to more than one member of management;

g. A system for ensuring the dissemination to all of Defendant's employees of a copy of Defendant's anti-discrimination and anti-retaliation policy and procedures; and,

h. An assurance of non-retaliation for persons who report that they have been discriminated against or witnessed discrimination.

21.     Defendant shall promptly and appropriately investigate all complaints of discrimination and retaliation under Title VII. The investigation of all such complaints shall be documented.

22.     Defendant shall post its policies and procedures required by this Consent Decree in prominent locations frequented by employees as well as on its website.

23.     Within 90 days of this Consent Decree, Defendant shall report to the EEOC in writing on its efforts and actions to comply with each of the items under the "Policies and Procedures" section of this Consent Decree, including providing the EEOC with copies of all newly-implemented non-discrimination policies. Acceptance or review of these materials by the EEOC shall be for compliance monitoring purposes only.

## VI.   TRAINING FOR OWNERS, OFFICERS, MANAGERS, SUPERVISORS AND EMPLOYEES

24.     Within 90 days of entry of this Consent Decree, Defendant shall provide a training session at least ninety minutes in length on the anti-discrimination laws enforced by the EEOC, including Defendant's obligation to provide a workplace free of discrimination and retaliation. The training shall also include examples of what constitutes protected activity under Title VII, what constitutes retaliatory conduct under Title VII, what constitutes discrimination under Title VII, the best ways to achieve the objective of a workplace free from discrimination and retaliation, and the identity of the persons to whom an employee or applicant should report allegations of workplace discrimination or retaliation. The training shall be given to all owners, officers, managers, supervisors, and employees. Individuals subject to a training requirement shall be notified in writing that the training is mandatory. Defendant shall provide this training annually for the duration of this Consent Decree.

25.     The training shall be presented by a trainer qualified by education and experience in the subject matter. Defendant shall submit to the EEOC, two weeks prior to each training, the name of the presenter and his or her qualifications.

26.    This training shall be videotaped for persons who are employed at the time of the training but absent from work when the training takes place. Persons hired subsequent to the periodic training sessions provided for above shall be trained via videotape within the first 30 days of their employment.

27.    Defendant shall generate a registry containing signatures of all persons attending each of the trainings described above. All persons attending the training shall be instructed to sign the registry when they attend the entire training session or watch a videotape of the entire training session. Defendant shall retain each registry for the duration of the Consent Decree.

28.    Within 30 days after completion of each training, Defendant shall provide the EEOC Regional Attorney, Marsha Rucker, with a typed certification that all persons required to receive the training have received the necessary training, the typed names of the persons trained, and a date by which any person absent at the time the training was conducted shall be trained. Any person who does not attend the trainings despite being presently employed with Defendant shall be trained within 30 days after scheduled training.

## VII.   <u>POSTING OF NOTICE</u>

29.    Defendant shall post and cause to remain posted the posters required to be displayed in the workplace by Commission regulations.

30.    Within thirty (30) days after entry of this Consent Decree, Defendant shall post copies of the Notice attached as **Exhibit A** to this Consent Decree on all bulletin boards and any other locations where Defendant regularly posts announcements and notices required by federal and/or state law or notices of employment-related policy or practice changes to employees, including electronic posting, except that the Notice shall not contain the header "Exhibit A." Defendant shall email a copy of the signed Notice, and a written certification by Defendant's Chief Executive Officer or other Authorized Representative of the date(s) and locations of its posting, to the attention of the EEOC Birmingham District Office Regional Attorney, Marsha Rucker, at marsha.rucker@eeoc.gov within ten (10) days of the

posting. Defendants shall take all reasonable steps to ensure that the posting is not removed, altered, defaced, or covered by any other material.  Should the posted copy become altered, defaced, covered, or removed, or become otherwise illegible, Defendant shall promptly re-post a legible copy in the same manner as heretofore specified. The posted Notice shall be no smaller than 12-point font on 8 ½ inch by 11 inch paper. This posting shall remain for the duration of this Consent Decree.

## VIII. **RECORDS RETENTION**

31.    Defendant shall maintain the following records for the duration of this Consent Decree:

> (a)    Defendant's policies and procedures;
>
> (b)    Discrimination and retaliation complaints made by employees;
>
> (c)    All documents generated in connection with each complaint, investigation, and resolution of each complaint involving allegations of violations of Title VII, including discrimination and retaliation;
>
> (d)    All materials used in training provided pursuant to the terms of this Consent Decree; and
>
> (e)    Attendance lists for all such training.

## IX. **DISPUTE RESOLUTION**

32.    In the event that the Commission believes during the term of this Consent Decree that Defendant has failed to comply with any provision of the Consent Decree, the Commission shall notify Defendant or its counsel of the alleged non-compliance and shall afford Defendant 30 calendar days thereafter to remedy the non-compliance or to satisfy the Commission the alleged non-compliance is not well founded.  If Defendant has not remedied the alleged non-compliance or satisfied the Commission that it has complied within 30 calendar days, the Commission may apply to the Court for appropriate relief.

## X.      COSTS AND ATTORNEYS' FEES

33.     The parties shall bear their own attorneys' fees and costs incurred in this action up to the date of the entry of this Consent Decree.

## XI.     DURATION OF CONSENT DECREE

34.     The Court shall retain jurisdiction for the duration of the Consent Decree, during which the Commission may petition this Court for compliance with this Consent Decree.   Should the Court determine that Defendant has not complied with this Consent Decree, appropriate relief, including extension of the Consent Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

35.     Absent extension, this Consent Decree shall expire by its own terms at the end of three (3) years from the date of entry of this Consent Decree without further action by the Parties.

36.     The Parties agree to the entry of this Consent Decree subject to final approval by the Court.

## XII.    EEOC's   REPORTING   REQUIREMENTS   UNDER   IRC   §§ 162(f) and 6050X

37.     The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

a.      The Defendant's EIN is:

The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is:

Name:

Physical Address:

38.     The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

39.     The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

40.     Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

41.     The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

### XIII. **SUCCESSOR NOTIFICATION**

42.     For the duration of this Decree, Defendant shall provide notice and a copy of this Decree to any successors or any other corporation or other entity that acquires Defendant and any other corporation or other entity into which Defendant may merge.

**DONE** and **ORDERED** on May 16, 2024.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE

APPROVED AND CONSENTED TO BY:

_____
AUTHORIZED REPRESENTATIVE
FOR DEFENDANT TCI OF ALABAMA, LLC

_____
ATTORNEY FOR DEFENDANT
TCI OF ALABAMA, LLC

_____
MARSHA RUCKER
REGIONAL ATTORNEY
U. S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Birmingham District Office
1130 22nd Street South, Suite 2000
Birmingham, AL  35205-2886
Telephone: (205) 651-7045

12

## EXHIBIT A

## NOTICE TO ALL TCI OF ALABAMA, LLC EMPLOYEES

This Notice is posted under the terms of the Consent Decree entered in Equal Employment Opportunity Commission v. TCI of Alabama, LLC (Civil Action No. 4:23-cv-01200-CLM in the U.S. District Court for the Northern District of Alabama).

Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination against employees on the basis of race, color, religion, national origin, or sex. The law also makes it illegal to retaliate against a person because the person complained about discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit. Title VII also prohibits discrimination or harassment of applicants and employees because of their sex, including pregnancy, in all employment practices, including hiring, firing, advancement, compensation, training, and other terms, conditions, and privileges of employment.

If you believe you have been discriminated against, subjected to retaliation, or have been a witness to discrimination or retaliation, you may contact the EEOC at (800) 669-4000. The EEOC charges no fees. For more information regarding the EEOC, and how to contact the EEOC, you may visit www.eeoc.gov.

**This Notice must remain posted for three (3) years from the date below and must not be altered, defaced, or covered by any other material.**

4/30/24
Date

On Behalf of TCI of Alabama, LLC

13